LOCAL FORM 3015-1
REVISED 09/2025

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

In re:     Schuur, Andrew Jeffrey

Debtor.

*In a joint case, "debtor" means "debtors" in this plan.*

Case No.        25-42662

CHAPTER 13 PLAN    ☑ Modified

Dated        10/27/2025

**Part 1. NOTICE OF NONSTANDARD PLAN PROVISIONS, SECURED CLAIM LIMITATIONS, AND LIEN OR SECURITY INTEREST AVOIDANCE: The debtor must check the appropriate boxes below to indicate whether the plan does or does not include each of the following items:**

| | | | |
|---|---|---|---|
| 1.1 | A limit on the amount of a secured claim based on a valuation of the collateral for the claim, set out in Parts 6 or 14 | ☐ Included | ☑ Not Included |
| 1.2 | Avoidance of a security interest or lien, set out in Part 14 | ☐ Included | ☑ Not Included |
| 1.3 | Nonstandard provisions, set out in Part 15 | ☑ Included | ☐ Not Included |

**Part 2. DEBTOR'S PAYMENTS TO TRUSTEE: The initial plan payment is due not later than 30 days after the order for relief, unless the court orders otherwise.**

2.1   As of the date of this plan, the debtor has paid the trustee ___**$1,100.00**___ (including balance on hand of ___**$1,000.00**___).

2.2   After the date of this plan, the debtor will pay the trustee: ___**$35,380.00**___.

| Plan payment | Start MM/YYYY | End MM/YYYY | # of payments | Total |
|---|---|---|---|---|
| $610.00 | 3 (11/2025) | 60 (08/2030) | 58 | $35,380.00 |
| | | | PART 2.2 SUBTOTAL: | **$35,380.00** |

2.3   The minimum plan length is ☑ 36 months or ☐ 60 months from the date of the initial plan payment unless all allowed unsecured claims are paid in a shorter time.

2.4   The debtor will also pay the trustee _____

2.5   The debtor will pay the trustee a total of ___**$36,480.00**___ [lines 2.1 + 2.2 + 2.4].

2.6   If the debtor is required to file a tax return under applicable nonbankruptcy law, the debtor will file with appropriate tax authorities all returns and provide the trustee a copy of each filed return within 14 days of filing. The debtor will treat tax refunds as follows: **The debtor(s) shall be entitled to the first $1200 for an individual chapter 13 debtor and $2,000 for married chapter 13 debtors of each year's tax refunds. The balance shall be paid to the trustee as an additional plan payment. Any Earned Income Credit and Minnesota Working Family Credits shall be retained by the debtor(s). The debtors shall keep these credits in addition to the $1,200 or $2,000.**

.

LOCAL FORM 3015-1
REVISED 09/2025

**Part 3. PAYMENTS BY TRUSTEE AND TRUSTEE'S FEES:** Prior to confirmation of the plan, the trustee will pay from available funds payments designated as Adequate Protection ("Adq. Pro.") under Parts 6 and 7 to creditors with claims secured by personal property. All other funds will be disbursed by the trustee following confirmation of the plan as soon as is practicable. The trustee will pay from available funds only creditors for which proofs of claim have been filed. The trustee is not required to retain funds for any claim for which a proof of claim has not been timely filed and may disburse those funds to other claimants. The trustee may collect a fee of up to 10% of plan payments, or __**$3,648.00**__ [line 2.5 x 0.10]. If relief from the automatic stay is ordered as to any item of collateral listed in the plan, then, unless otherwise ordered by the court, all payments by the trustee as to that collateral will cease, and all secured claims based on that collateral will no longer be treated by the plan.

**Part 4. EXECUTORY CONTRACTS AND UNEXPIRED LEASES (§ 365):** The debtor assumes the following executory contracts or unexpired leases. The debtor will pay directly to creditors all payments that come due after the date the petition was filed. Cure provisions, if any, are set forth in Part 5.

| | Creditor | Description of property |
|---|---|---|
| | **None** | |

**Part 5. MAINTENANCE OF PAYMENTS AND CURE OF DEFAULT, IF ANY (§ 1322(b)(5)):** The debtor will maintain the current contractual installment payments on the claims listed below, with any changes required by the applicable contract and noticed in conformity with any applicable rules. These payments will be paid directly by the debtor unless otherwise specified below. The trustee will pay the arrearage amount listed in the proof of claim at the interest rate specified below, unless otherwise ordered by the court. The creditors will retain liens. All following entries are estimates, except for interest rate.

| | Creditor | Description of property | Arrears amount (if any) | Interest rate on arrears (if any) | Beginning in MM/YY | Monthly payment | # of payments | Remaining arrears payments | + *amount paid to date by trustee (mod. plan only)* | Total trustee arrears payments |
|---|---|---|---|---|---|---|---|---|---|---|
| 5.1 | Village Bank | All of Lots Eight (8) and Thirty-six (36), and the South Half of Lots Nine (9) and Thirty-five (35) and the North Half of Lots Seven (7) and Thirty-seven (37), all in Riverside Park, Wright County, Minnesota. 10099 Parrish Ave Ne Elk River, MN 55330 | $6,673.80 | | 02/26 | $390.00 | 17 | $6,630.00 | | $6,673.80 |
| | | | | | 07/27 | $43.80 | 1 | $43.80 | | |

| | Current installment payment | Disbursed by: | | Remaining trustee installment payments | + *amount paid to date by trustee (mod. plan only)* | Total trustee installment payments |
|---|---|---|---|---|---|---|
| | | | | | TOTAL: | **$6,673.80** |

2

LOCAL FORM 3015-1
REVISED 09/2025

| | Creditor | Description of property | Arrears amount (if any) | Interest rate on arrears (if any) | Beginning in MM/YY | Monthly payment | # of payments | Remaining arrears payments | + *amount paid to date by trustee (mod. plan only)* | Total trustee arrears payments |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | | $1,031.83 | ☑ Debtor ☐ Trustee | | | $0.00 | | $0.00 |
| 5.2 | MAGNIFI FINANCIAL CU | 2021 Ice Castle Trailer | | | | | | | | |
| | | | Current installment payment | | Disbursed by: | | | Remaining trustee installment payments | + *amount paid to date by trustee (mod. plan only)* | Total trustee installment payments |
| | | | $472.00 | | ☑ Debtor ☐ Trustee | | | $0.00 | | $0.00 |
| 5.3 | Snap On Credit | Tools (Wrenches, sockets, etc.) | | | | | | | | |
| | | | Current installment payment | | Disbursed by: | | | Remaining trustee installment payments | + *amount paid to date by trustee (mod. plan only)* | Total trustee installment payments |
| | | | $256.00 | | ☑ Debtor ☐ Trustee | | | $0.00 | | $0.00 |
| | | | | | | | | | TOTAL: | **$6,673.80** |

**Part 6. SECURED CLAIMS SUBJECT TO MODIFICATION ("CRAMDOWN") PURSUANT TO § 506 (§ 1325(a)(5)):** The trustee will pay the amount set forth in the "Total payments" column below on the following secured claims if a proof of claim is filed and allowed. Notwithstanding a creditor's proof of claim filed before or after confirmation, if the plan has been served upon each of the affected creditors identified below in the manner provided for by Fed. R. Bankr. P. 7004, the amount listed in the secured claim amount column binds the creditor pursuant to 11 U.S.C. § 1327 and confirmation of the plan is a determination of the creditor's allowed secured claim, unless otherwise ordered by the court. For secured claims of governmental units, unless otherwise ordered by the court, the value of a secured claim listed in a proof of claim filed in accordance with Fed. R. Bankr. P. 3012(c) controls over any contrary amount. Unless otherwise specified in Part 15, the creditors listed in this Part retain the liens securing their allowed secured claims to the extent provided under 11 U.S.C. § 1325(a)(5)(B)(i). Any allowed unsecured portion of the claim will be paid under Part 10, Part 11, or Part 12.

| Creditor | Est. claim amount | Secured claim amount | Int. rate | Adq. Pro. (Check) | Beginning in MM/YY | Monthly payment | # of payments | Remaining payments | + *amount paid to date by trustee (mod. plan only)* | = Total payments |
|---|---|---|---|---|---|---|---|---|---|---|
| **None** | | | | | | | | | | |
| | | | | | | | | | TOTAL: | **$0.00** |

**Part 7. SECURED CLAIMS EXCLUDED FROM § 506 AND NOT SUBJECT TO MODIFICATION ("CRAMDOWN") (§ 1325(a)) (910 vehicles and other things of value):** The trustee will pay the amount of the allowed secured claim listed in the proof of claim, unless otherwise ordered by the court, at the interest rate set forth below. Any allowed unsecured portion of the claim will be paid under Part 10, Part 11, or Part 12. **All following entries are estimates, except for interest rate.** Unless otherwise specified in Part 15, the creditors listed in this Part retain the liens securing their allowed secured claims to the extent provided under 11 U.S.C. § 1325(a)(5)(B)(i).

LOCAL FORM 3015-1
REVISED 09/2025

| | Creditor | Est. secured claim amount | Int. rate | Adq. Pro. (Check) | Beginning in MM/YY | Monthly payment | # of payments | Remaining payments | + *amount paid to date by trustee (mod. plan only)* | = Total payments |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | **None** | | | | | |
| | | | | | | | | | TOTAL: | **$0.00** |

**Part 8. PRIORITY CLAIMS UNDER § 507(a)(2) THROUGH (a)(10):** The trustee will pay the amount of the allowed priority claim listed in the proof of claim, unless otherwise ordered by the court. **All following entries are estimates.**

| | Creditor | Claim amount | Beginning in MM/YY | Monthly payment | # of payments | Remaining payments | + *amount paid to date by trustee (mod. plan only)* | = Total payments |
|---|---|---|---|---|---|---|---|---|
| 8.1 | Internal Revenue Service | $18,154.77 | | Pro-Rata | | $18,154.77 | | $18,154.77 |
| 8.2 | Minnesota Department of Revenue | $3,376.25 | | Pro-Rata | | $3,376.25 | | $3,376.25 |
| 8.3 | Walker & Walker Law Offices, PLLC | $2,988.00 | 09/25 | $495.00 | 5 | $2,475.00 | | $2,988.00 |
| | | | 02/26 | $105.00 | 4 | $420.00 | | |
| | | | 06/26 | $93.00 | 1 | $93.00 | | |
| | | | | | | | TOTAL: | **$24,519.02** |

**Part 9. DOMESTIC SUPPORT OBLIGATION CLAIMS UNDER § 507(a)(1):** The trustee will pay the amount of the allowed priority claim listed in the proof of claim, unless otherwise ordered by the court. **All following entries are estimates.**

| | Creditor | Claim amount | Beginning in MM/YY | Monthly payment | # of payments | Remaining payments | + *amount paid to date by trustee (mod. plan only)* | = Total payments |
|---|---|---|---|---|---|---|---|---|
| | | | | **None** | | | | |
| | | | | | | | TOTAL: | **$0.00** |

**Part 10. SEPARATE CLASSES OF UNSECURED CLAIMS:** In addition to the classes of unsecured claims specified in Part 11 and Part 12, there shall be separate classes of nonpriority unsecured claims including the following. The trustee will pay the nonpriority amount. listed in the proof of claim, unless otherwise ordered by the court. **All following entries are estimates, except for interest rate.**

| | Creditor | Unsecured claim amount | Interest rate (if any) | Beginning in MM/YY | Monthly payment | # of payments | Remaining payments | + *amount paid to date by trustee (mod. plan only)* | = Total payments |
|---|---|---|---|---|---|---|---|---|---|
| | | | | | **None** | | | | |
| | | | | | | | | TOTAL: | **$0.00** |

**Part 11. TIMELY FILED UNSECURED CLAIMS:** The trustee will pay holders of allowed nonpriority unsecured claims for which proofs of claim were timely filed the remaining funds received by the trustee and not paid under Parts 3, 5, 6, 7, 8, 9, and 10 on a pro rata basis. **All following entries are estimates.**

4

LOCAL FORM 3015-1
REVISED 09/2025

| | | | |
|---|---|---|---|
| Estimated nonpriority unsecured claims held by creditors listed in Parts 6, 7, and 14 | $0.00 | Estimated remaining payments | $1,639.18 |
| + Total estimated nonpriority and not separately classified unsecured claims (excludes Parts 6, 7, 10, and 14 unsecured claims) | $24,912.32 | + *amount paid to date by trustee (mod. plan only)* | |
| | | = TOTAL estimated payments | $1,639.18 |
| = Total estimated nonpriority and not separately classified unsecured claims (excludes Part 10 claims) | $24,912.32 | | |
| Projected percentage payment to unsecured claims (excludes Part 10 claims) | 6.58% | | |

**Part 12. TARDILY-FILED UNSECURED CLAIMS:** All money paid by the debtor to the trustee under Part 2, but not distributed by the trustee under Parts 3, 5, 6, 7, 8, 9, 10, and 11, will be paid to holders of allowed nonpriority unsecured claims for which proofs of claim were tardily filed. Tardily-filed claims remain subject to objection pursuant to 11 U.S.C. § 502(b)(9).

**Part 13. SURRENDER OF COLLATERAL AND REQUEST FOR TERMINATION OF STAY:** The debtor has surrendered or will surrender the following property to the creditor. The debtor requests that the stays under 11 U.S.C §§ 362(a) and 1301(a) be terminated as to the surrendered collateral upon confirmation of the plan.

| | Creditor | Description of property *(including the complete legal description of real property)* |
|---|---|---|
| | | |
| **None** | | |

**Part 14. LIEN AVOIDANCE:** The judicial liens or nonpossessory, nonpurchase money security interests securing the claims listed below impair exemptions to which the debtor would have been entitled under 11 U.S.C. § 522(b). If the plan has been properly served upon each of the affected creditors identified below in the manner provided for by Fed. R. Bankr. P. 7004, a judicial lien or security interest securing a claim listed below will be avoided to the extent that it impairs such exemptions upon entry of the order confirming the plan, unless otherwise ordered by the court. The amount of the judicial lien or security interest that is avoided will be treated as an unsecured claim in Part 11 or Part 12, to the extent allowed. The amount, if any, of the judicial lien or security interest that is not avoided will be paid in full as a secured claim under the Part 6 or Part 7. *See* 11 U.S.C. § 522(f) and Fed. R. Bankr. P. 3012(b) and 4003(d). *Insert additional tables for each lien.*

| Information regarding judicial lien or security interest | | Calculation of lien avoidance | | Extent of exemption impairment (check one) |
|---|---|---|---|---|
| Creditor: | | a. Amount of lien | | ❑ Line f is equal to or greater than line a. The entire lien is avoided. The amount of the unsecured claim is (line a): _____ . |
| Collateral: | | b. Amount of all other liens | | |
| Lien identification (such as judgment date, date of lien recording, book and page number) | | c. Value of claimed exemptions | | ❑ Line f is less than line a. A portion of the lien is avoided. The amount of secured claim after avoidance (line a minus line f): _____ . The amount of the unsecured claim is (line f): _____ . |
| | | d. Total of adding lines a, b, and c | | |
| | | e. Value of debtor's interest | | |
| | | f. Subtract line e from line d. | | |

**Part 15. NONSTANDARD PROVISIONS:** The trustee may distribute additional sums not expressly provided for herein at the trustee's discretion. Any nonstandard provisions, as defined in Fed. R. Bankr. P. 3015(c), must be in this Part. Any nonstandard provision placed elsewhere in the plan is void.

LOCAL FORM 3015-1
REVISED 09/2025

| 15.1 | **1305 claims** |
|---|---|
| | Pursuant to 11 U.S.C. Section 1305, a proof of claim may be filed by the Internal Revenue Service or Minnesota Department of Revenue for taxes that become payable while the case is pending. The trustee shall only pay Section 1305 claims attributable to the taxable year in which the case concerning such debtor(s) was filed, and only to the extent funds are available. |
| 15.2 | **Post-Petition Consumer Debt** |
| | Approval by the Bankruptcy Court or the Chapter 13 Trustee shall not be required prior to the debtor incurring a consumer debt while this case is pending, but the holder of the claim against the debtor based upon such debt is subject to § 1305. |
| 15.3 | **Ice Castle** |
| | Debtor will sell the Ice Castle upon Confirmation. |

**SUMMARY OF TOTAL ESTIMATED PAYMENTS:**

| Class of payment | Total payments |
|---|---|
| Payments by trustee [Part 3] | $3,648.00 |
| Maintenance of payments and cure of default, if any [Part 5] | $6,673.80 |
| Secured claims subject to modification (cramdown) pursuant to § 506 [Part 6] | $0.00 |
| Secured claims excluded from § 506 [Part 7] | $0.00 |
| Priority claims [Part 8] | $24,519.02 |
| Domestic support obligation claims [Part 9] | $0.00 |
| Separate classes of unsecured claims [Part 10] | $0.00 |
| Timely filed unsecured claims [Part 11] | $1,639.18 |
| TOTAL (must equal line 2.5) | $36,480.00 |

Certification regarding nonstandard provisions:
I certify that this plan contains no nonstandard provision except as placed in Part 15.

Signed: **s/ Andrew Walker**

Andrew Walker
Attorney for debtor
Bar Number: 0392525
Walker & Walker Law Offices, PLLC
4356 Nicollet Ave
Minneapolis, MN 55409
Phone: (612) 824-4357
Fax: (612) 824-8005
Email: andrew@bankruptcytruth.com

Signed: **s/ Andrew Jeffrey Schuur**

Andrew Jeffrey Schuur
Debtor 1

Signed: _____

Debtor 2 (if joint case)

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF MINNESOTA

In re: Schuur, Andrew

    Debtor(s)

Case No. 25-42662

Chapter 13 Case

## NOTICE OF CONFIRMATION HEARING AND NOTICE OF MODIFIED PLAN

To: Kyle Carlson, the U.S. Trustee, and other entities specified in Local Rule 1007-2(a):

1. The debtor(s) have filed a preconfirmation modified plan and it will be considered at the confirmation hearing in this case set forth below.

2. The court will hold a hearing on this motion at 10:00 am on December 4th, 2025 in 2B located

 at 316 North Robert St., Saint Paul, MN, 55101 or remotely before the honorable Mychal A. Bruggeman.

3. Any objection to this plan must be filed and served on or before December 2nd, 2025.

WHEREFORE, the Debtor(s) respectfully request(s) the Court to confirm the modified plan.

Dated: 10/27/2025.

/s/ Andrew C. Walker

Andrew C. Walker #392525

Walker and Walker Law Offices, PLLC

Attorney for debtor(s)

4356 Nicollet Ave

Minneapolis, MN 55409

(612) 824-4357

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF MINNESOTA**

In re: Schuur, Andrew                                        Case No. 25-42662

    Debtor(s)

UNSWORN CERTIFICATE OF SERVICE

      I, Moira Nunez , Declare under penalty of perjury that on 10/27/2025, I mailed copies of the foregoing Notice of Confirmation Hearing and Notice Of PreConfirmation Modified Plan by first class mail, postage prepaid, or by electronic mail using ECF to each entity named below at the address stated below for each entity.

United States Trustee
1015 U.S. Courthouse
300 South 4th Street
Minneapolis, MN 55415

Kyle Carlson
55 2nd Ave SW
Barnesville, MN 56514

And creditors on the attached list

Executed on: 10/27/2025                              /e/ Moira Nunez

Label Matrix for local noticing
0864-4
Case 25-42662
District of Minnesota
Minneapolis
Tue Sep  9 12:23:11 CDT 2025

Minneapolis
301 Diana E. Murphy U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415-1320

Affirm Inc.
30 Isabella Street, 4th Floor
Pittsburgh, PA 15212-5862

Brutlag, Trucke & Doherty, P.A.
3555 Plymouth Blvd Ste 117
Minneapolis, MN 55447-1399

Capital One
PO Box 31293
Salt Lake City, UT 84131-0293

Dick's Sporting Goods, Inc
345 Court St
Coraopolis, PA 15108-3817

Internal Revenue Service
PO Box 7346
Philadelphia, PA 19101-7346

MAGNIFI FINANCIAL CU
20 4th Ave Se
Melrose, MN 56352-1356

MN DEED
180 5th St E Ste 1200
Saint Paul, MN 55101-1664

Magnifi Financial Credit Union
20 4th Ave SE
Melrose, MN 56352-1356

(p)MEYER NJUS TANICK  PA
330 2ND AVE S
SUITE 350
MINNEAPOLIS MN 55401-2212

Minnesota Department of Revenue
551 Bkcy Section
Po Box 64447
Saint Paul, MN 55164-0447

Minnesota Department of Revenue
PO BOX 64447-BKY
St Paul, MN 55164-0447

Pure Hockey
89 Cross St, Holliston
Holliston, MA 01746-2230

SBA EIDL Loan
Minnesota District Office
330 2nd Ave S Ste 430
Minneapolis, MN 55401-2224

(p)SEZZLE INC
BANKRUPTCY DEPARTMENT
700 NICOLLET MALL
STE 640
MINNEAPOLIS MN 55402-2050

(p)SNAP ON CREDIT
950 TECHNOLOGY WAY
SUITE 301
LIBERTYVILLE IL 60048-5339

(p)SUMMIT ORTHOPEDICS
710 COMMERCE DRIVE STE 200
WOODBURY MN 55125-4925

Target/TD Bank, USA, N.A.
Attn: Target Card Services
PO Box 1331
Minneapolis, MN 55440-1331

US Trustee
1015 US Courthouse
300 S 4th St
Minneapolis, MN 55415-3070

United States Trustee
300 S 4th St Ste 1015
Minneapolis, MN 55415-3070

Village Bank
3350 Bridge Street
Inver Grove Heights, MN 55070

Walker & Walker Law Offices, PLLC
4356 Nicollet Ave
Minneapolis, MN 55409-2033

Andrew C. Walker
Walker & Walker Law Offices PLLC
4356 Nicollet Ave S
Minneapolis, MN 55409-2033

Andrew Jeffrey Schuur
10099 Parrish Ave Ne
Elk River, MN 55330-7131

Kyle Carlson
 Chapter 13 Trustee
PO Box 519
Barnesville, MN 56514-0519

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

Meyer Njus Tanick PA
330 2nd Ave S Ste 350
Minneapolis, MN 55401-2212

Sezzle Inc
251 1st Ave N
Minneapolis, MN 55401-1644

Snap On Credit
950 Technology Way Ste 301
Libertyville, IL 60048-5339

Summit Orthopedics
710 Commerce Drive Suite 200
Woodbury, MN 55125

End of Label Matrix
Mailable recipients     25
Bypassed recipients      0
Total                   25